# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Daniel R. McNAMARA, Attorney at Law.

Supreme Court

*No. 86–1890–D. Filed April 11, 1988.*

(Also reported in 421 N.W.2d 513.)

**PER CURIAM.** *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Daniel R. McNamara (Attorney McNamara) to practice law in Wisconsin be suspended for a period of one year as discipline for misconduct consisting of his continuing to practice law and accept his salary as

family court commissioner for Marquette county while he was suspended from membership in the State Bar as a result of non-compliance with continuing legal education requirements and for communicating with an adverse party in litigation, knowing the party was represented by counsel and without that counsel's permission, neglecting a client's bankruptcy matter, appearing as family court commissioner on behalf of a minor child in a post-divorce dispute, having previously represented the child's father in the divorce action, and failed to promptly respond to inquiries of the Board of Attorneys Professional Responsibility (Board) into his conduct.

We accept the referee's recommendation of a one-year license suspension as appropriate discipline for Attorney McNamara's misconduct. He knowingly violated the court's rules requiring membership in the State Bar of persons practicing law in this state and accepted remuneration for functioning as a court commissioner, which he was not entitled to do because of his suspended membership. In addition, he neglected client legal matters and violated his professional duties to refrain from contacting persons known to be represented by counsel in connection with legal matters and acting in the presence of a real or potential conflict of interest. Moreover, this is not the first occasion the court has had to discipline Attorney McNamara for misconduct. Accordingly, a one-year suspension of his license to practice law is necessary to impress upon him the seriousness of his misconduct, protect the public from his misconduct and to deter other attorneys from engaging in like misconduct.

Attorney McNamara was licensed to practice law in Wisconsin in 1949 and practices in Montello. In 1974 the court revoked his license to practice law in

response to his conviction of six misdemeanors, including theft, misappropriation of funds and fraudulent misrepresentations. *State v. McNamara,* 68 Wis. 2d 701, 229 N.W.2d 698 (1975). Attorney McNamara's license was reinstated approximately three years later. The referee in this proceeding is Attorney Norman C. Anderson.

Based on testimony and other evidence introduced at a disciplinary hearing, the referee made the following findings of fact. Attorney McNamara was suspended from membership in the State Bar on November 16, 1984 for failure to comply with continuing legal education requirements. Nevertheless, a summons and eviction complaint signed by him were filed in circuit court for Columbia county and he made an appearance in another civil matter on behalf of a party, at which time he acknowledged that his membership in the State Bar remained suspended. He was reinstated to membership on January 24, 1985. The referee concluded that Attorney McNamara thereby engaged in the unauthorized practice of law, in violation of SCR 20.18(2)(1986).

While suspended from membership in the State Bar, Attorney McNamara continued to accept his salary as part-time family court commissioner for Marquette county, notwithstanding that a person occupying that position is required to be licensed to practice law. The referee concluded that Attorney McNamara's continuing to draw salary while unable to perform the duties of the office constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986).

In another matter, in 1984 Attorney McNamara received a summons and complaint that had been served on his client, and those documents set forth the

name of the attorney of the plaintiff, which was a bank in Portage. Without notifying the plaintiff's attorney, Attorney McNamara telephoned an officer of that bank and discussed, among other things, the subject matter of the complaint. The referee concluded that Attorney McNamara thereby violated SCR 20.38(1986), which proscribes a lawyer's communicating on the subject of representation with a party the lawyer knows to be represented by a lawyer in the matter, unless the lawyer has the prior consent of the other party's lawyer or is authorized by law to do so.

A third matter involved a couple represented by another attorney who were defendants in two civil actions in 1983. Their attorney filed a bankruptcy petition on their behalf, thereby staying the civil actions, and the plaintiffs in those actions filed their claims in bankruptcy court. That court found in favor of the claimants, and the couple's attorney then obtained a dismissal of the bankruptcy petition.

Counsel for the claimants filed an involuntary bankruptcy petition against the couple, who by that time had retained Attorney McNamara to represent them. The couple, who were out of the state and did not intend to return until the spring of 1984, telephoned Attorney McNamara, who told them they need not return for the bankruptcy matter and that he would respond to the petition on their behalf. However, no answer was filed to the involuntary petition, and the court entered an order for relief. The following day the court entered an order requiring the couple to file a list of creditors and schedules within 15 days. The couple sent Attorney McNamara copies of vehicle titles for purposes of preparing the necessary schedules, but no list of creditors or schedules were filed. The court ordered opposing counsel to prepare the necessary schedules.

When the court issued a notice setting the first meeting of creditors, Attorney McNamara told the couple by telephone they need not return to the state for that meeting and that he would appear on their behalf, but he failed to do so. The court then issued an order requiring the couple to appear and show cause why they should not be deemed to have waived their right to be discharged in bankruptcy. Thereafter, Attorney McNamara arranged for the couple to be represented by other counsel. The referee concluded that this conduct constituted neglect of the clients' legal matter, in violation of SCR 20.32(3)(1986).

In a fourth matter, in 1986 Attorney McNamara appeared at the request of the circuit court on behalf of a minor child at a hearing on a motion to amend a divorce judgment concerning child visitation. He failed to disclose that he had previously represented the movant in the original divorce action in 1982. At the hearing Attorney McNamara questioned several witnesses and made recommendations to the court on the visitation issue. The referee concluded that Attorney McNamara thereby accepted employment when the exercise of his independent professional judgment might be impaired by the interest of another client, in violation of SCR 20.28(1986), and that his conduct created the appearance of impropriety, in violation of SCR 20.49(1986).

Finally, during its investigation of a grievance filed against him, the Board of Attorneys Professional Responsibility asked Attorney McNamara to provide a written response within 20 days. Attorney McNamara requested and received an extension of time to respond, but when the response had not been made by the extended date, the Board sent him a certified letter again requiring a written response. That and a second certified letter were returned unclaimed. At-

torney McNamara sent a written response soon after the Board had referred the grievance to the district committee for further investigation. The referee concluded that Attorney McNamara thereby violated SCR 22.07(2), which requires a lawyer to fully and fairly disclose all facts and circumstances pertaining to alleged misconduct and provides that failure to provide information or misrepresentation in a disclosure is misconduct.

We adopt the referee's findings of fact and conclusions in respect to Attorney McNamara's misconduct in these matters. We also determine appropriate the referee's recommendation of a one-year license suspension as discipline for that misconduct.

IT IS ORDERED that the license of Daniel R. McNamara to practice law in Wisconsin is suspended for a period of one year, commencing May 16, 1988.

IT IS FURTHER ORDERED that within 60 days of the date of this order Daniel R. McNamara pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Daniel R. McNamara to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Daniel R. McNamara comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., did not participate.