# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Daniel R. McNAMARA, Attorney at Law.

Supreme Court

*No. 90-0183-D. Filed September 7, 1990.*

(Also reported in 459 N.W.2d 574.)

PER CURIAM. *Attorney disciplinary proceeding: attorney's license suspended.*

We review the report of the referee recommending that the license of Daniel R. McNamara to practice law in Wisconsin be suspended for a period of one year, as discipline for his neglect of the probate of eight estates and his failure to respond to requests from the Board of Attorneys Professional Responsibility (Board) for infor-

mation concerning his conduct in those matters and in an additional matter in which his clients had filed a grievance. The referee further recommended that the license suspension be made retroactive to May 16, 1989, the date on which a prior one-year license suspension the court imposed on Attorney McNamara in 1988 for misconduct was to terminate. Attorney McNamara had filed a petition for reinstatement of his license after that period of suspension had expired but the Board deferred action on it because it had filed the complaint in this proceeding, intending to propose to the referee that any recommended license suspension relate back to the date of the expiration of the prior suspension period.

We determine that the misconduct in which Attorney McNamara was found to have engaged in this proceeding warrants discipline more severe than that recommended by the referee. This is the third occasion the court has had to discipline Attorney McNamara for professional misconduct and the second time his misconduct included failure to cooperate with the Board in its investigation and promptly respond to Board requests for information. Indeed, Attorney McNamara's most recent failure to respond to the Board occurred less than one month after the commencement of the 1988 license suspension, which was imposed for, among other things, his failure to respond to Board inquiries. On the basis of Attorney McNamara's disciplinary history and his continued refusal to recognize his responsibilities to the disciplinary authorities, we suspend his license to practice law for 18 months, retroactive to May 16, 1989.

Attorney McNamara was admitted to the practice of law in Wisconsin in 1949 and practices in Montello. In 1975, the court revoked his license following his conviction of six misdemeanors, including theft, misappropriation of funds and fraudulent misrepresentations.

*State v. McNamara,* 68 Wis. 2d 701, 229 N.W.2d 698 (1975). In 1988 we suspended his license for one year as discipline for the following: continuing to practice law and accept salary as family court commissioner while ineligible to practice under the court's rules as a result of noncompliance with continuing legal education requirements; communicating with an adverse party in litigation, knowing the party was represented by counsel and without that counsel's permission; neglecting a client's bankruptcy matter; appearing as family court commissioner on behalf of a minor child in a post-divorce dispute, having previously represented that child's father in the divorce action; failing to promptly respond to the Board in its investigation into allegations of his misconduct. *Disciplinary Proceedings Against McNamara,* 143 Wis. 2d 365, 421 N.W.2d 513 (1988).

The referee in this proceeding, Attorney Norman Anderson, made findings of fact consistent with the allegations of the Board's complaint, to the truth of which Attorney McNamara had stipulated.

In March, 1985, Attorney McNamara was retained to probate an estate. In June, 1986, the probate judge sent Attorney McNamara a letter stating that the file had been inactive for 13 months and that he expected progress would be made toward completing the estate within 60 days. Two months later the judge sent a second letter to Attorney McNamara and to the estate's personal representative stating that his requests for completion of the estate had been ignored and warning that if no progress were evident in the next 30 days he would issue an order to show cause. When nothing was done, the judge issued an order in October, 1986 requiring Attorney McNamara and the personal representative to appear in court and show cause why the final judgment and other documents necessary for the estate's

completion had not been filed. Attorney McNamara appeared on the scheduled date and told the judge he would have the estate closed within 30 days.

The estate was not closed by the stated time and in January, 1987, the judge sent letters to Attorney McNamara and the personal representative saying that he had made numerous requests to have the estate closed, had issued an order to show cause and that the estate still was not closed, notwithstanding Attorney McNamara's assurances at the hearing that it would be. The letter listed 11 items remaining to be completed and warned that if the estate were not closed by March 9, 1987, the court would take further action.

After receiving that letter, the personal representative wrote to the judge that she had visited Attorney McNamara at his office several times, had written him letters, had telephoned him and had spoken with him personally, asking him to complete the estate. She also told the judge that the estate had a number of debtors and that Attorney McNamara had failed to contact them to try to collect on their obligations to the estate. The judge then wrote to Attorney McNamara that he had received the letter from the personal representative and told him the problems the personal representative had related and reminded him of the March 9, 1987 deadline for closing the estate.

When nothing was done in response to that letter, the judge filed a grievance with the Board on March 10, 1987. Two days later the personal representative removed Attorney McNamara as attorney for the estate and retained other counsel, who completed the estate two months later.

In its investigation of the grievance filed by the judge, the Board sent Attorney McNamara a letter requiring his response. When he failed to respond, the

Board sent him a second letter, to which he responded, albeit three weeks late, stating that he had not concluded the estate on the date set by the court because he had failed to note the time in his appointment book and overlooked making an appearance in court on that day. He also said there were unusual problems in the estate which required more time than usual to resolve but acknowledged that he had neglected the estate. The referee concluded that the failure to timely complete the estate, despite numerous contacts from the personal representative and from the court, including the issuance of an order to show cause, constituted serious neglect of a legal matter, in violation of SCR 20.32(3).[1]

During its investigation of this matter, the Board inquired into Attorney McNamara's handling of other estates and learned that in Marquette county on August 5, 1987 there were a number of estates he had opened that had not been completed, including one opened in 1971, one in 1979, one in 1981 and four in 1985. The Board wrote to Attorney McNamara asking him to respond to these matters and requesting that he provide specific information concerning each of seven estates the probate of which he had commenced prior to 1986 and which remained open. When it received no response within the specific time, the Board sent Attorney McNamara a second request, to which Attorney McNamara responded six weeks late. That response consisted of a brief letter stating that one of the estates had been completed, two others would be concluded by mid-November, 1987 and the balance would be closed by January 1,

---

[1]SCR 20.32 provides: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer." The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

1988. The response did not supply any of the specific information the Board had requested.

When the Board assigned this matter to the district professional responsibility committee for additional investigation, that committee wrote to Attorney McNamara requesting certain information regarding the seven delinquent estates, including a "comprehensive explanation" of why the estates had been open for so long. When it received no response within the time specified, the committee sent Attorney McNamara a second letter. Attorney McNamara responded, enclosing a copy of a prior letter he purported to have sent but which the committee had not received. That letter set forth a brief description of each of the seven estates under investigation but did not provide any explanation for delays in their probate. Moreover, none of the estates which Attorney McNamara had said would be closed by specified dates had been closed.

Between April and November, 1988, the committee continued to request additional information concerning Attorney McNamara's failure to properly explain the delays in each of the seven estates. Attorney McNamara requested additional time to do research in order to respond fully to the inquiries. When Attorney McNamara failed to respond fully, the committee scheduled an investigative meeting at which Attorney McNamara appeared and requested an adjournment so that he could obtain counsel to represent him. Ultimately, in January 1989, Attorney McNamara gave the committee summaries of the delinquent probate matters prepared by a former partner who had agreed to take over and complete the estates.

The referee concluded that Attorney McNamara's failure to timely complete these seven estates constituted neglect of legal matters, in violation of SCR 20.32(3) and

20:1.3,[2] and that his failure to timely respond to written requests for information concerning his delay in those estates during the Board's investigation constituted a failure to cooperate with the Board, in violation of SCR 22.07(2)[3] and 21.03(4).[4]

Unrelated to these probate matters, the Board wrote to Attorney McNamara in June, 1988, requiring his written response to a grievance filed by clients claiming he had neglected their legal matter. When it received no response within the 20 days specified, the Board sent him a second letter. Attorney McNamara responded to that letter but did not provide sufficient information to permit the Board to make a determination on the merits of the grievance. Consequently, the Board sent another request to Attorney McNamara requiring him to send his complete office file on the matter within 10 days. The Board received no reply and sent a second letter, to which it received no response. The referee concluded

---

[2]SCR 20:1.3 provides: "**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client."

[3]SCR 22.07 provides:

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[4]SCR 21.03(4) provides: "Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

that Attorney McNamara's failure to respond to the Board's request for information and to provide his office files constituted failure to cooperate with the Board, in violation of SCR 22.07(2) and 21.03(4).

Following initial consideration of the referee's report and recommendation of a retroactive one-year license suspension, the court ordered Attorney McNamara and the Board to show cause why, in light of Attorney McNamara's prior misconduct, including his failure to promptly respond to the Board in its investigation into his conduct, discipline more severe than the one-year license suspension recommended by the referee should not be imposed for the misconduct considered in this proceeding. In his response, Attorney McNamara contended that the recommended discipline is appropriate because his misconduct involved acts of omission, not wilful neglect. However, we note, the referee did not make this distinction in his report, although he did consider that none of Attorney McNamara's misconduct involved dishonesty or fraud.

In its response to the show cause order, the Board asserted that, had the misconduct here been considered in the 1988 disciplinary proceeding, the totality of that misconduct would have warranted no more than a two-year license suspension and, in effect, that would be the result if the court accepted the referee's recommendation. The Board informed the court that Attorney McNamara had agreed to have the prior license suspension continue and stipulated to the facts in this proceeding in exchange for the Board's recommending that any license suspension imposed in this proceeding be made retroactive to the expiration date of the prior suspension.

As far as it concerns Attorney McNamara's neglect of probate matters and his failure to respond to the

Board inquiring into that neglect, we agree with the Board's position, as it is supported by prior disciplinary cases with respect to both the severity of discipline imposed for similar misconduct and the imposition of a license suspension retroactive to the expiration of a prior suspension. However, the Board did not address the fact that Attorney McNamara's failure to respond to the Board's request for information concerning a client's grievance in June, 1988 occurred less than two months after we suspended his license, in part, for the very same misconduct. Consequently, this incidence of misconduct could not have been considered in the prior proceeding and, more importantly, it is identical to that misconduct for which he had just been disciplined.

Having accepted the referee's findings of fact and conclusions of law concerning Attorney McNamara's misconduct, we determine that an 18-month license suspension is appropriate discipline to be imposed as sanction for that misconduct.

IT IS ORDERED that the license of Daniel R. McNamara to practice law in Wisconsin is suspended for a period of 18 months, retroactive to May 16, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Daniel R. McNamara pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Daniel R. McNamara to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Daniel R. McNamara comply with the provisions of SCR 22.26

concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., did not participate.